[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN/IMPLEAD NO. 114
This matter is before the court on the defendants' motion to cite in/implead pursuant to General Statutes 52-102, 52-102a and52-572h.
The following facts are pertinent to a consideration of this motion:
On February 13, 1992, the plaintiff, Michael Sheehy, filed a single count negligence complaint against the defendants, Bic Corporation (Bic Corp.) and Wayne Pouncey. The plaintiff alleges that Pouncey, while driving a tractor-trailer in the performance of his duties as a Bic Corp. employee, negligently struck the plaintiff's vehicle, causing the plaintiff to be injured.
On July 23, 1992, the defendants filed a pleading captioned "Motion to Cite In/Implead Additional Defendant." The defendants move for permission, pursuant to General Statutes 52-102, 52-102a
and 52-572h, "to cite in/implead as an additional defendant, Thomas Agria on the ground that Agria, though not now a party to the action, is a necessary party to the action for a complete determination of the questions involved in this lawsuit." The defendants' motion was accompanied by a memorandum of law in support of their motion and a proposed order that Agria be made a party to the action by the service of a proposed two count complaint annexed to the order, setting forth specifications of CT Page 11240 negligence against him.
On July 30, 1992, the plaintiff filed an objection, and memorandum in support thereof, to the defendants' motion.
In their memorandum of law in support of their motion to cite in/implead, the defendants state that the proposed complaint against Agria alleges that any injuries incurred by the plaintiff were caused by the negligence of Agria. They contend that Connecticut's Tort Reform Act created a right to contribution and thus the defendants have the right to have Agria made a party to this lawsuit pursuant to General Statutes 52-102.
They further argue that a second statute, 52-102a provides and permits the impleading of a third party by a defendant. The proposed two count complaint annexed to the defendants' motion alleges in count one that if the plaintiff was injured, as alleged in his complaint, his injuries were caused by Agria's negligence, rather than any negligence on the part of the defendants. In count two the defendants seek indemnification from Agria on a theory of active/passive negligence. In their prayer for relief the defendants claim indemnification, contribution pursuant to the Tort Reform Act, and "a determination of the percentage of negligence that proximately cause the injuries and losses of the plaintiff that is attributable to Thomas Agria."
The plaintiff argues in opposition to the defendants' motion to cite in/implead that the proposed complaint attached to the defendants' motion fails to plead or show a theory upon which indemnification is permissible, because it fails to allege an independent legal relationship between the defendants and Agria.
In a reply memorandum, the defendants argue that the plaintiff ails to acknowledge that the defendants seek "not only indemnification, but contribution as well from the proposed Third-Party Defendant." The defendants reiterate in their reply memorandum that they "are seeking indemnification, contribution and a determination of the percentage of negligence attributable to Thomas Agria with regard to the plaintiff's injuries."
Conn. Pub. Acts No. 87-227, commonly known as Tort Reform II, amended General Statutes 52-572h(c) to provide:
 In a negligence action to recover damages resulting from personal injury . . . CT Page 11241 occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
(Emphasis added.)
General Statutes 52-102, which was also amended by 16 of Public Act 87-277, provides:
 Upon motion by any party or non party to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein, provided no person who is immune from liability shall be made a defendant in the controversy.
(Emphasis added.)
General Statutes 52-102a, which was not affected by Tort Reform II, provides in pertinent part;
 (a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by CT Page 11242 the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.
(Emphasis added.)
The defendants' motion to cite in/implead purports to be both a motion to cite in pursuant to 52-102 and a motion to implead pursuant to 52-102a. However, it follows more closely, though not completely, the form for an impleader action. It would appear to the court that a motion to cite in pursuant to 52-102 would be the proper procedural vehicle to be used to bring the proposed additional defendant into this suit. A person is made a party to an action under 52-102 by court order requiring service by the plaintiff of a summons and complaint. General Statutes 52-45a. Practice Book Form 106.4, the suggested form for a motion to cite in a party defendant, includes a proposed order that the plaintiff (1) amend his complaint to state facts showing the interest of the party to be cited in and (2) summon that party to appear in the action. Practice Book Form 106.14, on the other hand, the suggested form for a motion to implead, includes a proposed order that the third party plaintiff serve the third party.
The order attached to the defendants' proposed motion does not follow the format suggested by Practice Book Form 106.4 for a motion to cite in a party defendant. It does not include either an order that the plaintiff Sheehy amend his complaint to state facts showing Agria's interest in the plaintiff's action or an order that the plaintiff summon Agria to appear as a defendant in the plaintiff's action. Rather, the defendants' proposed order seeks to implead Agria by an order that "Agria be made a party to this action by the serving of a copy of the foregoing Motion, and of this order, and the Writ, Summons and Third Party Complaint in the form hereby annexed. . . ."
However, even though the defendant has not included the proper order with its motion, and even though the defendant has improperly combined a motion to cite in and a motion to implead a third party as a defendant, the court has discretion to consider the defendants motion on the merits by treating it as a request for relief on alternative grounds. CT Page 11243
Our trial courts are split on the proper procedure to be followed to bring a non-defendant tortfeasor into a negligence action for apportionment of liability pursuant to 52-572h. In Howard v. Capellan, 2 Conn. L. Rptr. 68 (July 12, 1990, Maloney, J.), the court determined that a non-defendant tortfeasor is a necessary party for a complete determination of apportionment of liability under 52-572h and should be made a party to the plaintiff's action pursuant to 52-102. The court in Capellan noted that 52-102a, the impleader statute, is not applicable in the context of apportionment of liability, because that statute allows a defendant to implead a third person who may be liable to the defendant, not to the plaintiff. Id., 69. The court stated that 52-102 and 52-572h "establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff." Id.; Knapik v. Hanson, 6 CTLR 392 (May 20, 1992, Cofield, J.); Blanchette v. Pennington, 6 CTLR 358 (April 15, 1992, Austin, J.); Snipes v. Fisher, 4 CTLR 355 (July 3, 1991, Hennessey, J.).
This court is also aware, however, that 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee), the court denied without prejudice the defendant's motion to cite in an additional party defendant who the defendants alleged was a necessary party. The court agreed with the plaintiffs, who had objected to the defendant's motion to cite in, that the plaintiffs should not expose themselves to a claim of vexatious litigation by requiring them to amend their complaint to allege a cause of action against a person they believe not to be responsible for their damages. Id. The court denied the defendant's motion to cite in without prejudice to the right of the defendant to move for permission to file a third party complaint. Id. See also Derienzo v. Portal, 6 CTLR 548 (June 22, 1992, McDonald, J.); Mattera v. Marsico,5 CSCR 682 (August 20, 1990, Ryan, J.).
From all that has been presented here, this court determines that Agria is a necessary party for a complete determination of apportionment of liability under 52-572h. Accordingly, the defendants' motion to cite in/implead Agria must be construed simply as a motion to cite in. As previously noted, Conn. Gen. Statutes 52-102 states in pertinent part that "[u]pon motion by any party . . . to a civil action, the person named in the party's motion . . . (2) shall be made a party by the court if that person is necessary or a complete determination or settlement of any question involved therein. . . ." (Emphasis CT Page 11244 added.) The court therefore grants the motion to cite in and orders the plaintiff to amend his complaint and serve and summon Agria to appear as a defendant in the plaintiff's action, in accordance with Practice Book Form 106.4.
The court is, in effect, construing the defendants' motion to cite in/implead as two separate motions. The court, therefore, by granting the motion to cite in, by necessity, must deny the motion to implead, because granting a motion to cite in Agria confers upon him party status in the plaintiff's action and52-102a only permits a defendant to implead a person not a party to the action.
THE COURT
MAIOCCO, J.