[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before addressing the motion to strike presently before the court, the following review is provided in order to explain the procedural confusion that exists in this file.
On June 9, 1992, the plaintiffs, Donna Catalina and John Catalina (Catalinas), filed an eight count complaint against the defendants, Maria Piccolo and Corrideo Piccolo (Piccolos), driver and owner, respectively, of the vehicle that collided with a vehicle driven by Maria Vecca (Vecca) in which the plaintiff Donna Catalina was a passenger. The plaintiffs seek recovery for the injuries and expenses incurred by them as a result of the accident, which occurred on June 30, 1990.
On October 1, 1992, the defendants filed a motion to cite in Maria Vecca as a party defendant pursuant to Connecticut General Statutes 52-102 and Connecticut Practice Book 99 and 100. Attached to this motion was an order, granted by the court, Parker, J., on October 19, 1992, that the defendants serve Maria Vecca with the attached writ, summons and "apportionment complaint." On November 11, 1992, the defendants served Maria Vecca; the civil summons listed the Piccolos as third-party plaintiffs and Maria Vecca as a third-party defendant. In the apportionment complaint served on Maria Vecca, the Piccolos allege that the injuries and damages allegedly sustained by the plaintiffs, the Catalinas, were caused by the negligence of the third-party defendant Maria Vecca. The Piccolos seek a determination of the percentage of responsibility for the plaintiffs' injuries and damages of the Piccolos and Maria Vecca and an apportionment of the damages.
On October 1, 1992, the defendants also filed, pursuant to CT Page 5656 Connecticut General Statutes 52-102a and Connecticut Practice book 117, a motion to implead Maria Vecca as a third-party defendant under the theory of indemnification. On October 19, 1992, the court, Parker, J., granted this motion and ordered the defendant to serve Maria Vecca with the attached writ, summons and third-party complaint. On November 11, 1992, Maria Vecca was served with a three count third-party complaint. The service of the third-party complaint was separate and distinct from the service of the apportionment complaint. The first count of the third-party complaint seeks indemnification based on the theory of active/passive negligence. The second count, which is captioned "Contribution," alleges that the injuries and damages allegedly sustained by the plaintiffs, the Catalinas were caused by the negligence of Vecca and therefore, Vecca should pay her proportionate share of the plaintiffs' claimed injuries. The third count, which is captioned "Connecticut General Statutes52-572h(c) Claim," alleges that the injuries and damages allegedly sustained by the plaintiffs were caused by the negligence of Maria Vecca, and "[i]n the event that the plaintiffs, Donna Catalina and John Catalina, prevail in their claims against the Defendant/Third Party Plaintiffs Maria Piccolo and Corrideo Piccolo, said defendant/Third Party Plaintiffs may be held liable for no more then (sic) their proportionate share of damages as calculated under Connecticut General Statutes 52-572h."
General Statutes 52-102 provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
General Statutes 52-102a provides in pertinent part:
 (a) A defendant in any civil action may move the court for permission as a third-party CT Page 5657 plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.
Connecticut General Statute 52-102 is the procedure to be used when any party or nonparty to an action seeks to add any person as a party defendant to the plaintiff's action. Practice Book form 106.4 provides a proposed motion and order for a "Motion to Cite in Party Defendant"; both the motion and order require the plaintiff to amend his complaint to state the interest of the person to be cited in the plaintiff's action and to serve and summon that person to appear as a defendant in the plaintiff's action.
Conversely, 52-102a, which authorizes the impleading of a third party by the defendant, provides for the service of a writ, summons and complaint by the defendant upon a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against him. General Statutes52-572h, the Tort Reform act, provides in subsection c:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
In Howard v. Capellan, 2 Conn. L. Rptr. 68 (July 12, 1990), the court held that because, pursuant to Connecticut General Statutes 52-572h, a defendant named by the plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action, CT Page 5658 such other person is necessary as a party defendant for a complete determination of the question of proportionate liability. Over the objection of the plaintiff, the court in Capellan granted the defendant's motion to cite in, pursuant to Connecticut General Statutes 52-102, a person not named as a defendant by the plaintiff. The court noted that Connecticut General Statutes 52-102
and 52-572h establish a statutory scheme to allow a defendant to have a person named a co-defendant even over the objection of the plaintiff, if that person is potentially liable to the plaintiff. Id., 69. The court stated that the impleader statute, Connecticut General Statutes 52-102a, is not appropriate in this context because that statute allows a defendant to implead a third person who may be liable to the defendant, and apportionment is concerned with liability to the plaintiff. See Id.; but see Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee) (Defendant's motion to cite in additional party defendant, pursuant to Connecticut General Statute 52-102, for purpose of apportioning liability denied without prejudice to defendant's moving for permission to file a third-party complaint against the non-defendant tortfeasor seeking contribution); Aponte v. Johnstone,7 Conn. L. Rptr. 364 (September 18, 1992, Rush, J.) ("Impleader Statute, Connecticut General Statutes 52-102a, is not an appropriate vehicle to assert a claim for apportionment of damages under Tort Reform II"; service of a complaint by the defendant upon a person that the defendant sought to have cited in pursuant to Connecticut General Statutes 52-102, even though described as a third-party complaint, "is an appropriate vehicle to raise the issue of apportionment of damages for the purposes of Tort Reform II.")
If the purpose of a motion to cite in, pursuant to Connecticut General Statutes 52-102, is to make a person a party defendant in the plaintiff's action, once that motion is granted, an anomalous situation is created by also granting a motion to implead the same person since the purpose of an impleader is to permit a defendant to serve a writ, summons and complaint upon a person not a party to the action. Therefore, a defendant must choose whether to seek apportionment by moving to cite in a person in the plaintiff's action, pursuant to Connecticut General Statutes 52-102, and perhaps cross claiming for indemnification or to seek indemnification only by means of an impleader action, pursuant to Connecticut General Statutes 52-102a.
The defendants in the present case have successfully moved both to cite in Maria Vecca pursuant to Connecticut General CT Page 5659 Statutes 52-102 and to implead the said Maria Vecca pursuant to Connecticut General Statutes 52-102a. As was noted above, the service on Maria Vecca under Connecticut General Statutes 52-102
was performed by the defendants, not by the plaintiff. Although the defendant's stated purpose in citing in Maria Vecca was to make her a party defendant, and the apportionment complaint served on Maria Vecca makes claims only that she may be liable to the plaintiff, the civil summons form describes her (Maria Vecca) as a third-party defendant. If the defendants have made Maria Vecca a party defendant to the plaintiff's action, then an impleader action is improper because of Maria Vecca's party status. The proper vehicle to make Maria Vecca a party defendant in the plaintiff's action is a motion to cite in pursuant to Connecticut General Statutes 52-102, accompanied by an order that the plaintiffs amend their complaint to state Maria Vecca's interest in the action and to summon and serve her to appear as a defendant in their action.
On December 8, 1992, Maria Vecca filed a motion to strike the third-party complaint on the ground that "said claim fails to state a legally recognized claim for contribution, apportionment, or indemnification." In the memorandum of law in support of the motion to strike, she (Maria Vecca) states that "[f]or the reasons stated herein, the third-party defendant Maria Vecca moves to strike both the `apportionment complaint,' as well as the third-party complaint, both dated November 5, 1992." (Emphasis added.) Maria Vecca argues that the third-party plaintiffs do not state a cognizable claim for contribution under Connecticut law because Connecticut General Statutes 52-572h permits contribution only under certain conditions when the subject litigation is concluded. Furthermore, Maria Vecca contends that "apportionment is not a proper subject for the parties in this case." She also argues that the third-party plaintiffs have failed to allege a legally sufficient claim for indemnification based on active/passive negligence because they have failed to allege, inter alia, that she (Maria Vecca) owed a duty to the third-party plaintiffs based on an independent legal relationship.
In their memorandum of law in opposition to Maria Vecca's motion to strike, the defendants call the court's attention to the fact that the motion itself only asks the court to strike the defendants' third-party complaint, while the memorandum addresses both the third-party complaint and the apportionment complaint. The defendants therefore request the court to deny the motion to strike in its entirety. CT Page 5660
The defendants argue that Connecticut General Statutes52-572h(c) provides for apportionment of damages among parties and because they have successfully moved to cite-in Maria Vecca as an additional defendant for the purposes of apportioning liability, their claim for apportionment in their apportionment complaint and the third count of the third-party complaint is legally sufficient.
The defendants also argue that their indemnification claim in count two of the third-party complaint is legally sufficient under Connecticut law and should therefore not be stricken.
A motion to strike is used to contest the legal sufficiency of the allegations of any complaint. Practice Book 152; Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991). Just as the court is limited to the grounds raised in the motion when deciding a motion to strike; Blancato v. Feldspar Corporation,203 Conn. 34, 44, 522 A.2d 1235 (1987); the court can only consider the legal sufficiency of the pleadings challenged in the motion itself. Marie Vecca's motion moves to strike only the third-party complaint.[1] Therefore, the court is limited to consideration of the legal sufficiency of that complaint, notwithstanding Maria Vecca's argument in her memorandum of law that she "moves to strike both the `apportionment complaint' as well as the third-party complaint, both dated November 5, 1992."
In the first count of the third-party complaint, the Piccolos seek indemnification based on the theory of active/passive negligence.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 194, 554 A.2d 287 (1989). While ordinarily there is no right of indemnity or contribution among joint tortfeasors, an exception exists where one tortfeasor's negligence is found to be active or primary. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 697-98, 535 A.2d 357 (1988). The court in Kyrtatas outlined four elements that must be established in an action by a tortfeasor seeking indemnification from a joint tortfeasor:
 (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's was the direct, immediate cause of CT Page 5661 the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, and had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
Id., 698, citing Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,207 A.2d 732 (1965).
The appellate court in Atkinson v. Beloni [Berloni], 23 Conn. App. 325,580 A.2d 84 (1990), identified another element necessary to a claim for indemnification. The party seeking indemnification "must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id., 328.
There is no allegation in the defendants' third-party complaint of an independent legal relationship between Maria Vecca and the defendants from which it could be found that Maria Vecca owed a duty to the defendants. Therefore, the first count of the third-party complaint is legally insufficient and should be stricken.
In the second count of the third-party complaint, parenthetically titled "Contribution," the Piccolos allege that any injuries and damages sustained by the plaintiffs were caused by the negligence, carelessness and/or recklessness of Maria Vecca and therefore Maria Vecca should pay her proportionate share of the plaintiffs' claimed damages.
Connecticut General Statutes 52-572h(h) provides a right of contribution in parties who are required, pursuant to Connecticut General Statutes 52-572h(g), to pay more than their proportionate share of the judgment. Subsection (2) of 52-572h(h) specifically states that "[a]n action for contribution shall be brought within two years after the party seeking contribution has made final payment in excess of his proportionate share of the claim".
In the present case, there has been neither a determination of the proportionate share of damage for which each party is liable, nor have the Piccolos made a final payment in excess of their proportionate share of the plaintiffs' claim. Therefore, the Piccolos are not entitled to seek contribution, pursuant to Connecticut General Statutes 52-572h(h), at this stage of the litigation and the second count is therefore stricken. See Knapik CT Page 5662 v. Hanson, 6 Conn. L. Rptr. 392 (May 20, 1992), Cofield, J.) (under Connecticut General Statutes 52-572h(g) a party is entitled to contribution after judgment); Downs v. Torres,4 Conn. L. Rptr. 635 (August 29, 1991, Hennessey, J.) (a claim for contribution pursuant to 52-572h may not be made by way of a third-party complaint against a non-party joint tortfeasor); Rondeau v. Ritenour, 1 Conn. L. Rptr. 413 (March 28, 1990, Spear, J.) (the right of contribution does not exist in the original lawsuit; it arises only after the claim has gone to judgment.) The third count of the third-party complaint, parenthetically titled "Connecticut General Statutes 52-572h(c) Claim," seeks apportionment of the liability for the plaintiffs' injuries and damages. This court finds that given the language of 52-102a
that a defendant may move the court for permission to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to that defendant, the use of a third-party complaint to seek apportionment of liability for the plaintiffs' damages and injuries is improper. While Maria Vecca's argument that "apportionment is not a proper subject for the parties in this case" is without merit, given the provisions of52-572h(c), apportionment is not a proper subject for a third-party complaint. Under the holding of the court in Howard v. Capellan, supra, a motion to cite in pursuant to Connecticut General Statutes 52-102, with an order that the plaintiffs amend their complaint to state Maria Vecca's interest in the action and to summon and serve the said Maria Vecca to appear in the action, is the proper vehicle to confer party status on Maria Vecca for the purpose of apportionment under 52-572h(c).
Therefore, for all of the above reasons, the third-party defendant Maria Vecca's motion to strike the third-party complaint of Maria Piccolo and Corrideo Piccolo is granted.
WILLIAM J. SULLIVAN, J.