[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CITE IN
On June 8, 1992, the plaintiff, Tracy Mielnicki, filed a one count negligence action against the defendant, Taco Bell Corp. ("Taco Bell") seeking to recover for personal injuries that she allegedly sustained when she tripped and fell over a narrow guide wire attached to a tree in a grass median in Taco Bell's parking lot. On December 15, 1992, Taco Bell filed an answer and three special defenses. In the first special defense, Taco Bell alleges that any injuries sustained by the plaintiff were due to her own negligence or carelessness. In the second special defense, Taco Bell alleges that any injuries sustained by the plaintiff were due to the negligence and carelessness of the Sunset Landscaping Company ("Sunset") CT Page 5966 in that it failed to take adequate safety measures to render the tree wires safe and it failed to warn individuals such as the plaintiff that the tree wires posed a danger. In the third special defense, Taco Bell alleges that any fall by the plaintiff occurred in or about the Brookfield Plaza Shopping Center, which is and has been under the exclusive control of its owners, Richard D. Bronson and Allan Hutensky. On December 21, 1992, the plaintiff filed a reply to the special defenses.
On March 19, 1993, Taco Bell filed a "Motion to Cite In" Sunset as a party defendant, accompanied by a memorandum of law and a pleading entitled "Third-Party Complaint." In its motion, Taco Bell requests "this Court for an order permitting the Defendant to serve the attached Complaint upon Sunset Landscaping Company whose status as a party is necessary for a complete determination of the questions involved in this civil action." The following proposed order was attached to Taco Bell's motion:
ORDER
 It appearing that the foregoing Motion to Cite in [S]unset Landscaping Company as a Party should be granted, it is hereby
 ORDERED, that on or before _______________, 1993 the Defendant/Third-Party Plaintiff serve the attached complaint upon Sunset Landscaping Company and summon it to appear as a party in this action on or before the second day following _____________, 1993, by causing some proper officer to serve on it in the manner prescribed by law a true and attested or certified copy of the third party complaint in this action as amended, and a Summons and due return make.
In the one count "Third-Party Complaint" attached to Taco Bell's motion, Taco Bell alleges that Sunset was under contract with Taco Bell to perform landscaping at or around Taco Bell's premises and that Sunset caused guide wire supports to be attached to the trees on the grass island. Taco Bell further alleges in the "Third-Party Complaint" that any injury that the plaintiff may have sustained as a CT Page 5967 result of the incident alleged in her complaint was "directly, proximately and immediately caused by the negligence of the third-party defendant, Sunset and/or its agents, servants or employees . . . in that it attached . . . guide wires to one or more trees . . . and thereby created and/or failed to prevent an allegedly unsafe and hazardous condition." ("Third-Party Complaint," para. 7). Taco Bell alleges that "[p]ursuant to Section 52-572 (h)(c) [sic] of the Connecticut General Statutes, the third-party plaintiff alleges that the third-party defendant [Sunset] . . . is a proper party to this action for the purpose of apportionment of liability and apportionment of recoverable economic damages as well as recoverable non-economic damages." ("Third-Party Complaint," para. 11). In its claim for relief, Taco Bell seeks "[a]pportionment of liability and damages among all parties to this action, pursuant to Section 52-572 (c)(h) [sic]."
In its memorandum of law filed in support of its motion to cite in Sunset, Taco Bell argues that
 [i]n the case at bar, Plaintiff has alleged that a defective condition was present on or about the Defendant's property. Said defective condition allegedly consisted of guide wires attached to a tree. Because Sunset was hired by the Defendant to landscape the premises, (which included the installation of trees such as the one Plaintiff alleges was involved in this case) and because Sunset installed the wire which allegedly caused the fall, Sunset's presence in the action is necessary for a complete determination and settlement of the issues.
(Taco Bell's Memorandum of Law in Support of Motion to Cite In, pg. 2). Counsel for the plaintiff appeared at the short calendar hearing and orally opposed Taco Bell's motion.
General Statutes 52-572h(c) provides:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after CT Page 5968 October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
General Statutes 52-572h
 "`abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault.'" (Citation omitted.) Deveau v. Buccheri, 4 Conn. L. Rptr. 280 (July 3, 1991, Hennessey, J.). Under General Statutes 52-572h, as amended by Public Act 87-227, "`a defendant named by the plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action.'" (Citation omitted.) Id., 281, quoting Howard v. Capellan, 2 Conn. L. Rptr. 68 (July 12, 1990, Maloney, J.).
Ortiz v. Douglas, 9 CTLR 63, 64 (April 29, 1993, Hennessey, J.).
This court has recently provided a thorough discussion of the proper uses of the motion to cite in pursuant to General Statutes 52-102 and the motion to implead pursuant to General Statutes 52-102a. See Ortiz v. Douglas, supra. General Statutes 52-102 provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a CT Page 5969 complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
General Statutes 52-102 and 52-572h "establish a statutory scheme to allow a defendant to have a person named as a codefendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff." (Citations omitted; internal quotation marks omitted.) Ortiz v. Douglas, supra.
The proper order for citing in an additional defendant under General Statutes 52-102 is an order that the plaintiff amend the complaint to state facts showing the interest of the party to be cited in. Id.; see Practice Book Form 106.4.[1] Neither the Practice Book nor any provision of the General Statutes confer a right upon a defendant to draft and serve a "Third-Party Complaint" upon an entity that it has requested the court to "cite in" to the plaintiff's action, as Taco Bell has requested here.
General Statutes 52-102a(a) provides:
 A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.
(Emphasis added.) See also Practice Book 117.
 General Statutes 52-572h(c) provides for apportionment of damages among parties. A person is made a party to an action upon service by the plaintiff of a summons and complaint. General Statutes 52-45a. The CT Page 5970 service of a summons and third-party complaint by a defendant pursuant to General Statutes 52-102a would not confer party status in the original action upon the third-party defendant so served, such that the third-party defendant's negligence would be considered in apportioning liability for the plaintiff's damages.
(Emphasis in original.) Ortiz v. Douglas, supra, 65. A motion to cite in pursuant to General Statutes 52-102, rather than a motion to implead pursuant to General Statutes 52-102a, is the appropriate vehicle for adding a defendant to the plaintiff's action for purposes of apportioning liability pursuant to General Statutes52-572h(c). Id.; see Deveau v. Buccheri, supra; Howard v. Capellan, supra.
In this case, Taco Bell has improperly combined a motion to cite in under 52-102 with a third-party action under 52-102a. While Taco Bell has alleged in its "Third-Party Complaint" that it seeks apportionment of liability pursuant to General Statutes 52-572h(c), such a claim would be a proper reason to cite in Sunset as a party to the plaintiff's action, but is not a proper ground for impleading Sunset and filing a "Third-Party Complaint" against Sunset. Taco Bell's "Third-Party Complaint" also contains allegations that it had a contractual relationship with Sunset and that Sunset installed the wire which caused the plaintiff's fall. Because these allegations could imply a potential duty owed to Taco Bell rather than the plaintiff, such allegations could be construed as a claim that Sunset may be liable to Taco Bell for all or part of the plaintiff's claim against Taco Bell, which is a proper reason to implead Sunset as a third-party defendant, but not a proper reason to cite in Sunset as a defendant to the plaintiff's action. Because of the combination of methods used by Taco Bell, it is unclear what goal Taco Bell is seeking to accomplish here. It is unclear whether the intent of Taco Bell is to cite in Sunset as a party defendant to the plaintiff's action for purposes of apportioning liability, or to implead Sunset as a third-party defendant who is or may be liable to Taco Bell for all or part of the plaintiff's claim against Taco Bell. In any event, the attachment of a proposed "Third-Party CT Page 5971 Complaint" and a proposed order that Taco Bell serve the "Third-Party Complaint" upon Sunset is improper if the intent of Taco Bell is to cite in Sunset as a party defendant to the plaintiff's action. If Taco Bell seeks to institute a third-party action against Sunset, a "Motion to Cite In" Sunset is the improper procedural vehicle for instituting such an action. For all the foregoing reasons, Taco Bell's "Motion to Cite In" Sunset accompanied by a proposed "Third-Party Complaint" is denied without prejudice to allow Taco Bell to file the appropriate motion.
Mary R. Hennessey, Judge