[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO CITE IN (#104)
Plaintiff Kenneth Webb, commenced this action against defendant, E.A. Excavating Co., Inc., on August 30, 1993. Plaintiff alleges, in pertinent part, that defendant was engaged in excavating and renovating Railroad Street in the town of New Milford, and that plaintiff suffered various injuries when he stepped into an unfilled hole in the street on September 3, 1991. The plaintiff alleges that the defendant breached a duty owed to plaintiff and that plaintiff's injuries and losses were caused by defendant's negligence. The defendant filed an answer and special defense on October 1, 1993, and the plaintiff filed a reply to CT Page 1305 defendant's special defense on October 7, 1993.
Pursuant to "Connecticut Practice Book 85, 103, and 117, and Connecticut General Statutes 52-102 and 52-102a," defendant moves to cite in a non-party, Mr. Jack Boneaux, because his "presence in the case is necessary in order for damages to be allocated among responsible parties, as provided by law." (Defendant's Motion to Cite In, dated November 19, 1992). The defendant has attached a summons and complaint to his motion. This complaint alleges that defendant had contracted with Boneaux for a water line hookup, but after the defendant excavated the area by digging a hole, Boneaux informed the defendant that he could not fund the completion of the work. As a result of Boneaux's "inability to fund the completion of the work," the defendant alleges it had to backfill and compact the hole with processed stone, "leaving it unpaved from July 1, 1991 to September 24, 1991." The defendant seeks "[a]pportionment of responsibility of the cited in party defendant pursuant to Connecticut General Statutes 52-572h. . ."
In pertinent part, General Statutes 52-572h(c) states that "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of. . . damages." General Statutes 52-102
provides for the joinder of persons with interests adverse to a plaintiff and of persons "necessary for a complete determination or settlement of any question involved therein. . ."; while General Statutes 52-102a allows a defendant to implead a third party when the third party may be liable to defendant "for all or part of the plaintiff's claim against him."
General Statutes 52-102 is the proper statutory vehicle for bringing an individual into a suit for the purpose of apportioning liability in accordance with General Statutes 52-572h. See, e.g., Catalina v. Piccolo, 8 CSCR 702, 703-04 (June 10, 1992, Sullivan, J.), Mielnicki v. Taco Bell Corporation, 8 CSCR 726, 727 (June 15, 1993, Hennessey, J.); See also, Edmondson v. Osborn, Superior Court, Judicial District of Litchfield, Docket No. 054159 (February 24, 1992, Pickett, J.); George v. Royer, 5 Conn. L. Rptr. 301, 302 (November 26, 1991, Pickett, J.).
Although there is a split of authority concerning the appropriate method for bringing in additional parties for CT Page 1306 apportionment, Practice Book Form 106.4 provides the proper order to be used when a party seeks to cite in an additional defendant pursuant to General Statutes 52-102. This order, which is issued by the court, requires that "plaintiff amend his complaint to state facts showing the interest of [the cited-in party] in this action and summon [the cited-in party] to appear as a defendant in this action. . . ." See also, Catalina v. Piccolo, 8 CSCR at 704 ("proper vehicle to confer party status" on a person for apportionment purposes is a motion to cite in accompanied by a "Practice Book Form 106.4] order.").
Accordingly, the court grants defendant's motion to cite in, accompanied by the appropriate order set forth in Practice Book Form 106.4.
PICKETT, J.