[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Wilton YMCA objects to defendant DeAngelis' motion to cite in an additional party defendant, Tritec Building Co., Inc., pursuant to General Statutes § 52-102, for the purpose of apportioning liability. The YMCA objects on the ground that DeAngelis previously filed a motion to implead Tritec for indemnification pursuant to General Statutes § 52-102a.
On June 23, 1994, DeAngelis filed a motion to implead Tritec which was granted by the court, Ford, J., on July 18, 1994. In granting the motion, the court ordered DeAngelis to serve Tritec with a summons and third party complaint by August 18, 1994, and set a return date of August 30, 1994. It was established during oral argument that DeAngelis never served Tritec with the summons and third party complaint. The sheriff who was supposed to serve Tritec with the summons and third party complaint died before he could do so. DeAngelis now seeks to cite in Tritec pursuant to § 52-102.
The majority of cases hold that it is proper to cite in a person as a party defendant for purposes of seeking an apportionment of liability. See Mielnicki v. Taco Bell Corp.,8 CSCR 726 (July 19, 1993, Hennessey, J.); Catalina v. Piccolo,8 CSCR 702 (June 10, 1993, Sullivan, J.); Ortiz v. Douglas,9 Conn. L. Rptr. 63, 64 (April 29, 1993, Hennessey, J.); Brozdowsky v.Southern Connecticut Gas Co., 7 Conn. L. Rptr. 237, 240 (Katz, J.). In the present case, DeAngelis properly seeks to cite in Tritec for the purposes of apportioning liability.
The fact that DeAngelis previously filed a motion to implead Tritec for the purpose of seeking indemnification does not bar DeAngelis from filing the present motion to cite in Tritec, as the summons and third party complaint were never served upon Tritec. Thus, as of this date, Tritec is not a party or a third party to this action. Furthermore, since DeAngelis never attempted to file a second motion to implead, or alternatively, never sought an extension of time with respect to the first motion to implead. The court considers DeAngelis' motion to implead and claim for indemnification as withdrawn. CT Page 9918
Accordingly, the YMCA's objection to DeAngelis' motion to cite in Tritec is overruled.
FORD, JUDGE