[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#115)
The plaintiff, Denise M. Hazard, originally filed a two count complaint on April 28, 1992, seeking damages arising out of injuries she allegedly sustained while traversing a city street within a crosswalk. That complaint was directed at the City of Torrington and the Torrington Water Company (Water Company), respectively. On August 5, 1993, the Water Company, pursuant to General Statutes Secs. 52-102 and 52-572(h), filed a motion to add O G Industries, Inc. as a defendant so that a complete assessment of the percentage of responsibility as to all parties could be made. The motion was granted by the court (Pickett, J.) on June 21, 1993, and the plaintiff was accordingly ordered to amend her complaint to include O G Industries as a defendant, with service to be effectuated on or about August 5, 1993. Thereafter, an amended three count complaint dated July 28, 1993 was filed, naming only the Water Company and O G Industries as party defendants.
The first count of that amended complaint is directed to the Water Company and alleges that on July 17, 1991, while walking in a westerly direction within a crosswalk located on Main Street in Torrington, CT, the plaintiff's right foot fell into a hole which contained a recessed water pipe valve, causing her to trip and subsequently suffer the injuries of which she complains. The plaintiff alleges that the recessed valve is maintained by the Water Company, and, as such, the Water Company is negligent in creating and/or maintaining a dangerous condition or nuisance created by the pipe, or should have known of it by reasonable inspection.
The remaining counts are directed at defendant, O 
G Industries, Inc. in its capacity as general contractor. CT Page 12213
In the second count, the plaintiff alleges that sometime prior to July 17, 1991, the defendant contracted with the State of Connecticut Department of Transportation (DOT) to repave Main Street, including that portion of Main Street upon which the plaintiff allegedly fell. According to the plaintiff, her fall and subsequent injuries were the result of the negligent acts of the defendant in that the defendant, while paving Main Street, applied an excessive amount of asphalt to the roadway, causing the road surface to elevate three-quarters of an inch or more above its prescribed level within the crosswalk. The plaintiff complains that the defendant knew or should have known that a recess would result from the application of an excessive amount of asphalt and that such a recess would pose a dangerous condition to pedestrians using the crosswalk.
In the third count, the plaintiff alleges a breach of contract based on her alleged status as a third party beneficiary of the contract between the defendant and the DOT.
On November 9, 1993, the defendant filed an answer. By way of two special defenses, the defendant alleges that: (1) the plaintiff's cause of action with regard to the second count is barred by the operation of General Statutes § 52-584, and; (2) with regard to the second and third counts, the plaintiff's alleged injuries, losses and damages were caused by her own negligence.
On August 30, 1994, the defendant filed a motion for summary judgment on the second count of the plaintiff's amended complaint on the ground that the cause of action as set forth in that count is barred by the applicable statute of limitations. The defendant submitted a memorandum of law in support of its motion. However, the plaintiff has not responded to the defendant's motion.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994). A material fact is simply a fact which will make a difference in the result CT Page 12214 of the case. Genco v. Connecticut Light and Power Co.,7 Conn. App. 164, 167, 508 A.2d 58 (1986). The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact."Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984), quoting Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. TealIndustries, Inc., 178 Conn. 262, 269, 422 A.2d 311
(1979).
General Statutes § 52-584 states:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
The defendant argues in its supporting memorandum that the plaintiff's complaint seeks to recover damages for injuries sustained on July 17, 1991, and since the complaint is dated "August 2, 1993", although the actual date of the complaint is July 28, 1993, there is no genuine issue of material fact that the claim was brought beyond the applicable statute of limitations. Therefore, the defendant argues that it is entitled to judgment as a matter of law with respect to the second count of the plaintiff's amended complaint. CT Page 12215
The defendant is correct that this complaint was filed beyond the statute of limitations as set forth in Sec. 52-584. "An action is commenced on the date of service of the writ upon the defendant." (Citations omitted.) McGaffin v. Roberts, 193 Conn. 393, 401 n. 9,476 A.2d 1057 (1984). In the present case, the sheriff's return reveals that the defendant was served on August 2, 1993, some two years and sixteen days after the plaintiff's alleged injuries were first sustained.
Section 52-584's time limitation, however, applies to an "action to recover damages." See, Kennedy v.Martinez, 7 Conn. L. Rptr. No. 12, 354 (1992). It is not clear from the plaintiff's amended complaint that the cause of action alleged in the second count is an "action to recover damages" because the plaintiff has not filed a demand for relief as part of his amended complaint, as required by Practice Book Sec. 131 and Gen. Stat. Sec. 52-91. The plaintiff, in fact, did not file a demand for relief with its original complaint, and although this defect impairs the legal sufficiency of the complaint; see DiMartino v. PhysiciansHealth Services, 9 Conn. L. Rptr. 85, 85-86 (June 7, 1993) (Ballen, J.); the parties have failed to address this deficiency. Without the demand for relief, the plaintiff's complaint merely consists of factual allegations constituting a cause of action. Practice Book Sec. 131 (A complaint "shall contain a concise statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought."). As such, it is not altogether clear that the defendant is seeking to recover damages under the second count of the complaint.
The absence of a demand for relief is also significant because the plaintiff filed its amended complaint in response to a court order granting the defendant Water Company's motion to add O G Industries, Inc. as a defendant for purposes of assessing its percentage of liability under Gen. Stat. Sec. 52-572h. In Kennedy v. Martinez, 7 Conn. L. Rptr. No. 12, 354 (1992) (Rush, J.) the defendant filed a motion for summary judgment on the ground that the action was not filed CT Page 12216 within Sec. 52-584's time limitation. The court denied the motion because the relief sought in the complaint was not for monetary damages, but instead for "assessment of the proportional share of any recoverable damages awarded to the plaintiff pursuant to Sec. 52-572h(c) and (d)." Id. The court reasoned that since the relief sought was not for damages, but for an assessment of the proportionate share of liability, the time limitation of Sec. 52-584 did not apply. Id. Since the plaintiff in this action has not filed a demand for relief, the court cannot assume that the relief sought is for monetary damages. Moreover, the plaintiff only filed the amended complaint pursuant to a court order, which was the result of a motion to add the defendant as a party on the grounds of assessing the parties proportionate share of liability. These factors prevent the court from determining that Sec. 52-584's time limitation applies to the second count of the plaintiff's complaint.
Even if the plaintiff's had filed a demand for relief seeking damages, the court would deny the defendant's motion for summary judgment. General Statutes Section 52-572h(d) provides:
 The proportionate share of liability for which each party is liable is calculated by multiplying the recoverable economic damages and the recoverable noneconomic damages by a fraction in which the numerator is the party's percentage of negligence, which percentage shall be determined pursuant to subsection (f) of this section, to be attributable to all parties whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section. Any percentage of negligence attributable to the claimant shall not be included in the denominator of the fraction.
General Statutes Section 52-572h(f) provides:
 The jury or, if there is no jury, the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any CT Page 12217 findings of fact necessary for the court to specify recoverable economic and recoverable noneconomic damages; (4) the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section; and (5) the percentage of negligence attributable to the claimant.
The plaintiff brought the defendant into this action pursuant to the court's order granting a motion to add the defendant as a party on the grounds that the defendant is necessary for purposes of apportioning liability. The plaintiff's failure to bring this cause of action against the defendant within the statutory time limitation operates as an implied release of the defendant under Sec. 52-572h(d). McKeever v. Papcun, 4 Conn. L. Rptr. 303, 304 (1991) (Jones, J.). "This construction allows persons who were not sued, but who were shown by a party to the action to be negligent to be included in the equation under subsection (d), thereby increasing the denominator and decreasing the fraction each liable defendant would be required to pay." Id. Therefore, the defendant remains in the action as a defendant to the second count, which is for negligence, for the purposes of assessing the parties' responsibility, but the plaintiff cannot recover against the defendant on this count because the defendant was impliedly released due to the failure of the plaintiff to bring the cause of action within the applicable statute of limitations.
For these reasons, the defendant O G's Industries, Inc.'s motion for summary judgment as to the second count of the amended complaint is denied.