[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TOCOMPEL PLAINTIFF TO CITE IN PARTY DEFENDANTS (NO. 126)
The plaintiff, Preferred Mutual Insurance Company, as subrogee, brings this action to recover damages incurred as a result of a fire which damaged the premises owned by its insured, Alfredo Pierre Louis. The plaintiff alleges that the fire occurred because gasoline was poured into a kerosene space heater which was being used to heat Louis' premises. The plaintiff further alleges that the fire was caused by the negligence of the defendants, Mobil Oil Co. and Scott Addison, because their agents or employees dispensed gasoline into a container which was designated for use in a kerosene heater.
On December 13, 1994, the defendants filed a "motion to compel the plaintiff to cite in party defendants" (#126). The defendants, in filing this motion, allege that other persons who occupied the premises owned by the plaintiff's insured may be liable to the plaintiff because these persons might have caused the fire by pouring the gasoline into the kerosene heater. Thus, the defendants contend that these persons should be cited in as party defendants for the purpose of apportioning liability CT Page 276 pursuant to General Statutes § 52-572h.
There has been a split of authority in the superior court with respect to the proper procedure for bringing non-party tortfeasors into a negligence action as party defendants for the purpose of apportioning liability. Most courts have ruled that the motion to cite in, pursuant to General Statutes § 52-102, constitutes the proper procedural vehicle for bringing additional tortfeasors into the action as party defendants. See, e.g.,Bushie v. Putzig, 10 Conn. L. Rptr. 228 (October 12, 1993, Mottolese, J.); Catalina v. Piccolo, 8 CSCR 702 (June 10, 1993, Sullivan, J.); Mielnicki v. Taco Bell Corp., 8 CSCR 726 (June 15, 1993, Hennessey, J.); Sheehy v. BIC Corporation, 8 CSCR 100
(December 15, 1992, Maiocco, J.).
In the present case, the defendants seek to compel the plaintiff to amend its complaint, and serve the summons and amended complaint upon the additional tortfeasors. There was a split of authority with respect to which party must serve a summons and complaint upon a cited-in defendant, and with respect to whether the court can compel the plaintiff to amend its complaint to state a cause of action against the cited-in defendant. See Brodzowski v. Southern Connecticut Gas Co.,7 Conn. L. Rptr. 237 (September 21, 1993, Katz, J.) (holding that the defendant who seeks to cite in additional persons as defendants must serve them with a summons and complaint). But seeCatalina v. Piccolo, supra, 8 CSCR 702; Sheehy v. BICCorporation, supra, 8 CSCR 100 (both cases ordering the plaintiff to amend his complaint and serve a summons and amended complaint upon the cited-in defendant). However, this split of authority was resolved in Bradford v. Herzig, 33 Conn. App. 714,638 A.2d 608 (1994), where the court held that:
 [i]t is axiomatic that "where the negligence of two [or more] persons concurs to produce a single result, a plaintiff can elect to sue either or both." . . . . The plaintiff had the right to choose either or both of two defendants to sue. If the defendant believed that a nonparty was responsible for some or all of the plaintiff's injuries, it was his responsibility to implead that nonparty. General Statutes §§ 52-102, 52-102a.
(Citations omitted.) Id., 724.
Although this court has previously held otherwise, in light CT Page 277 of the holding in Bradford v. Herzig, the court in following that ruling, cannot compel the plaintiff to either cite in additional party defendants, or amend its complaint to state causes of action against the cited-in defendants, or serve a summons and amended complaint upon the cited-in defendants. Thus, in the present case, to accomplish this objective the defendants must move to implead the alleged tortfeasors and seek permission to serve them with a summons and complaint in order to join them as party defendants for the purpose of apportioning liability pursuant to General Statutes § 52-572h. Accordingly, the court denies the defendants' "motion to compel plaintiff to cite in party defendants."
THE COURT
MAIOCCO J.