[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN #182
The plaintiffs Caroline Chase, Executrix of the Estate of Lester Chase, and Caroline Chase, individually, instituted this action against the defendants New Milford Hospital, Alan Braverman and Yolanda Pena to recover damages for injuries allegedly sustained as the result of the defendants' medical malpractice. The defendant Braverman now moves to cite in as additional defendants Jules White and Ann Walzer for purposes of apportionment of liability. Braverman claims that these CT Page 6907 individuals are necessary for a complete determination or settlement of this matter because their negligence was the cause of the plaintiffs' injuries. The plaintiffs object to the motion on the grounds that the statute of limitations has run.
The Connecticut Supreme and Appellate Courts have not addressed the issue of whether a motion to cite is the proper procedure to bring nonparty tortfeasors into a negligence action for purposes of apportionment of damages under General Statutes Sec. 52-572h(c). The decisions of the Connecticut Superior Court are split as to the proper procedure for bringing nonparty tortfeasors into an action for the purposes of apportioning liability. Recently, in Preferred Mutual Ins. Co. v. Mobil OilCorp., 1 Conn. Ops. 185 (January 24, 1995, Maiocco, J.), the court, relying on Bradford v. Herzig, 33 Conn. App. 714,638 A.2d 608 (1994), held that a motion to implead, not a motion to cite in, is the proper procedure to bring parties into an action for apportionment purposes. The court relied on language in Bradford
stating that "[i]f the defendant believed that a nonparty was responsible for some or all of the plaintiff's injuries, it was his responsibility to implead that nonparty. General Statutes Secs. 52-102, 52-102a." Bradford v. Herzig, supra, 724. The issue before the court in Bradford, however, was whether the trial court properly assigned to a nonparty a percentage of the negligence that caused the plaintiff's injuries, not whether a motion to implead is the proper procedure to bring a party into an action for apportionment purposes. Id., 723-25. Additionally, the Appellate Court appears to use the word "implead" in its generic sense, since it cites to both the impleader and cite-in statutes. Id., 724. This court, therefore, is not convinced thatBradford v. Herzig, supra, holds that the motion to implead is the proper method to bring a party into an action for purposes of apportioning liability.
In the absence of legislative action or an appellate court decision indicating otherwise, this court continues to hold that the proper method to bring a party into an action for purposes of apportioning liability is a motion to cite in accompanied by a Practice Book Form 106.4 order. Webb v. E.A. Excavating Co.,Inc., 9 CSCR 271 (February 8, 1994, Pickett, J.). This order requires that the "plaintiff amend his complaint to state facts showing the interest of [the cited-in party] in this action and summon [the cited-in party] to appear as a defendant in this action. . . ." Id. CT Page 6908
This court has also held that a nonparty tortfeasor may be brought into art action for purposes of apportioning liability after the statute of limitations has run. See Hazard v. City ofTorrington, 13 Conn. L. Rptr. 127 (December 2, 1994, Pickett, J.). In Hazard, this court denied summary judgment against a defendant who had been cited into the action for purposes of assessing its percentage of liability under Sec. 52-572h after the limitations period had run. Id. Such a defendant remains in the action for the purposes of assessing its liability. Id., 129. The plaintiff, however, cannot recover damages against such a defendant since, the failure to bring an action within the limitations period operates as an implied release under Sec.52-572h(d). Id. Additionally, the time limitation does not apply where the relief sought is not damages but an assessment of the proportionate share of liability. Id., see Kennedy v. Martinez,7 Conn. L. Rptr. 354 (September 18, 1992, Rush, J.).
In this case, the defendant Braverman filed with his motion a cross claim against the proposed defendants, and a proposed order for the court. The order seeks leave for the defendant Braverman to serve upon the proposed defendants a copy of the motion, order, summons and cross complaint. The proposed cross complaint and order are not the proper means to cite in additional defendants for purposes of apportioning liability. Instead, the proper method to bring a party into an action for purposes of apportioning liability is a motion to cite in accompanied by a Practice Book Form 106.4 order requiring the plaintiff to amend his complaint to state facts showing the interest of the parties in this action and to summon the parties to appear as defendants in this action. Webb v. E.A. Excavating Co., Inc., supra,9 CSCR 271.
It should also be noted that the parties have not addressed the issue of whether a good faith certificate under General Statutes Sec. 52-190a is required prior to citing in the proposed defendants, both medical doctors, to this medical malpractice action. See Stowe v. McHugh, Superior Court, Judicial District of Waterbury, No. 11 77 21 (January 18, 1995, West, J.) (holding that a good faith certificate under Sec. 52-190a is not required prior to citing in defendants for purposes of apportionment of liability since Sec. 52-190a applies only to actions to recover damages). This issue, however, is academic because the defendant's motion is not in proper form.
Since the defendant's motion to cite in is not in the proper CT Page 6909 form as set forth in Webb v. E.A. Excavating Co., supra, the motion is denied without prejudice.
PICKETT, J.