[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT
The plaintiffs, William Espowood, Conservator of James Francis Smith, an incapable; and Barbara Smith, spouse of James Francis Smith, filed an action arising out of a railroad crossing collision which occurred on April 20, 1988. Plaintiffs' incapable was an employee of Whyco Chromium Co., Inc. (Whyco) and was injured in the course of his employment when he drove over a private rail crossing and was struck by a freight train owned by the defendants, Springfield Terminal Railway Company and B M Corporation, and operated by the defendant Marc Belliveau.[1]
On February 26, 1990, the defendants, in a single motion (#118), moved for permission to cite in Whyco as a party defendant pursuant to General Statutes 52-102, for purposes of apportionment of damages as provided in General Statutes52-572h, and to implead Whyco as a third-party defendant pursuant to 52-102a, "because Whyco is not a party to this action and is or may be liable to the Railroad Defendants for all of plaintiffs' claims against them." The order attached to the defendants' motion, which was signed by the court, Gormley, J., on March 12, 1990, ordered that Whyco be made a party to the action and further ordered the movants (the defendants) "to serve Whyco . . . with the proposed writ, summons and third-party complaint, and also to serve Whyco . . . with a copy of the plaintiffs' complaint and a copy of the Order, by March 22, 1990. . . ." The sheriff's return, filed on March 20, 1990, states that Whyco was served on March 20, 1990, with a copy of the "third party complaint, summons, certificate of service, motion to cite and plead (sic) and order. . . ." CT Page 7362
In the three count third-party complaint served on Whyco, the defendants seek common law indemnification in count one, contractual indemnification in count two, and apportionment in count three.
On March 1, 1993, the court, Gray, J., granted Whyco permission to file two motions for summary judgment. (See #251, #252). One motion, a motion for pretrial summary judgment as to the third-party complaint (#246), had been filed on January 29, 1993, seeks summary judgment as to the third count of the third-party complaint. The second motion for summary judgment (#258) was filed on April 15, 1993, and seeks summary judgment in the first-party action on the ground that no pleading has been filed against Whyco to date and "[t]here is no genuine issue as to any material fact regarding Whyco Chromium Company, Inc.'s standing as a first party defendant."
As required by Practice Book 380, Whyco has filed affidavits and memoranda of law in support of its motions for summary judgment. The defendants have filed a single memorandum of law in opposition to both motions for summary judgment. Both summary judgment motions were argued at short calendar and, therefore, this memorandum will consider both motions.
Before addressing the motions for summary judgment, a review of the procedural irregularities that exist in this file is necessary so that the motions presently before the court can be evaluated in the proper context.
General Statutes 52-102, the procedural vehicle for citing in, provides in pertinent part that:
 [u]pon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
A person is made party to a civil action upon service by the CT Page 7363 plaintiff of a summons and complaint. See General Statutes52-45a. Additionally, Practice Book Form 106.4, which provides a suggested order to be filed with a motion to cite in a party defendant, requires that the plaintiff amend his complaint to state facts showing the interest of the party to be cited in and to summon that party to appear in the action.
General Statutes 52-102a, the vehicle for impleading, provides in pertinent part:
 (a) A defendant in a civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an in justice upon the plaintiff or the party sought to be impleaded.
(Emphasis added.)
Because a motion to cite in is used to bring a person into the plaintiff's action as a party to that action, and a motion to implead is used by a defendant to assert a third-party action against a person who is not a party to the plaintiff's action, an anomalous situation is created when motions to cite in and implead the same person are granted. The court concludes that the defendants in the present case should have elected to either cite in or implead Whyco. Although the sheriff's return indicates that the defendants in the present case served Whyco only with a third-party complaint, and the plaintiffs have failed to summon and serve Whyco for the purpose of making Whyco a party to the plaintiffs' action, Whyco has been treated as a party defendant in the plaintiffs' action.[2]
Motion for Partial Summary Judgment (#246)
Whyco's motion for partial summary judgment (#246) seeks CT Page 7364 judgment on the third count of the defendants' third-party complaint, which count seeks apportionment of damages in the first-party action pursuant to 52-572h on the ground that there is no genuine issue of material fact as to the defendants' claim against Whyco. Whyco argues in support of its motion for summary judgment that, in addition to citing in Whyco as a first-party defendant for purposes of apportioning damages, the defendants have impleaded Whyco and sought apportionment in count three of the third-party complaint on the claim that Whyco is liable to the defendants for apportionment of damages and contribution. Whyco argues that the defendants have failed to establish "any right of the Railroad Defendants to any apportionment of damages or contribution from Whyco other than that which may be assessed by the Finder of Fact in the first party action. . . ." Whyco thus argues that the defendants (third-party plaintiffs) are asking for two assessments of Whyco's proportionate liability under52-572h, claims that are barred by the Workers' Compensation Act, General Statutes 31-284(a). Whyco further contends that while the Supreme Court carved out an exception to the worker's compensation bar in Ferryman v. Groton, 212 Conn. 138,561 A.2d 432 (1989), when an independent legal relationship is found to exist between the employer and a third-party, that exception pertains to claims for indemnification, not apportionment. In support of its motion, Whyco also filed the affidavit of Mark Hyner, President of Whyco Chromium Co., Inc., who attests that on April 20, 1988, James Francis Smith, the plaintiffs' incapable, was employed by Whyco, and that as a result of personal injuries sustained in the course of his employment on April 20, 1988, Smith receives workers' compensation benefits from Whyco's workers' compensation insurer.
The defendants argue in opposition to Whyco's motions for summary judgment that because prior rulings in this case have held that Whyco cannot claim to be immune with respect to the defendants' apportionment claim, those rulings should be followed by this court, and Whyco's motions for summary judgment thus should be denied. The defendants further argue that Whyco has failed to establish the absence of any material fact on the question of apportionment.
In Howard v. Capellan, 2 Conn. L. Rpr. 68, 69 (July 12, 1990, Maloney, J.), the court held that "[General Statutes] sections 52-102 and 52-572h establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially CT Page 7365 liable to the plaintiff." The court further noted that because52-572h deals with apportionment of liability to the plaintiff, an impleader motion, which allows a defendant to implead a person who is or may be liable to the defendant, is not applicable under that statute. See also Catalina v. Piccolo, 8 CSCR 702, 704
(June 10, 1993, Sullivan, J.); (third-party complaint is an improper vehicle to seek apportionment under General Statutes52-572h); Otiz v. Douglas, 9 Conn. L. Rptr. 62, 65 (April 29, 1993, Hennessey, J.) (motion to cite in pursuant to 52-102 is proper vehicle to add a defendant for purposes of apportionment); Knapik v. Hanson, 6 Conn. L. Rptr. 392 (May 20, 1992, Cofield, J.) (proper method to have jury apportion liability to third-party defendant, if appropriate, is to have third-party plaintiff cite in third-party defendant pursuant to 52-102); but see Freeland v. Atlantic Waste Paper, 9 Conn. L. Rptr. 276, 278 (June 22, 1992, Lager, J.) (under 52-572h and 52-102, no pleading need be served on party to be cited in; service of process is sufficient); Aponte v. Johnson, 7 Conn. L. Rptr. 364, 366 (September 18, 1992, Rush, J.) (defendant can institute an action under 52-102); Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee) (defendant's motion to cite in defendant for apportionment purposes denied; defendants instructed to file a third-party complaint against non-defendant tortfeasor).
As was noted earlier in this memorandum, the defendants, in their single motion to cite in and implead, moved to cite in Whyco pursuant to 52-102 for purposes of apportionment under52-572h and to implead Whyco pursuant to 52-102a because Whyco may be liable to the defendants for all of plaintiffs' claims against them. While the defendants did not follow the proper procedure to cite in, they recognize that for purposes of apportionment under 52-572h, Whyco must be a party to the plaintiffs' action.
A claim for apportionment in a third-party complaint is not proper since a third-party action is concerned with the liability of the third-party defendant to the third-party plaintiff, not the original plaintiff in the underlying action. Because the third-party defendants seek apportionment of liability under52-572h, that is, the liability to the first-party plaintiffs, a claim for apportionment in a third-party complaint is not properly before the court.
Earlier in this case, Whyco had moved to strike the first CT Page 7366 and third counts of the third-party complaint on the ground that claims sounding in common law indemnification and apportionment against Whyco were legally insufficient, because as the plaintiffs' incapable's employer, Whyco was immune from liability pursuant to the exclusive remedy provision of the workers' compensation statute, General Statutes 31-284(a). In denying Whyco's motion to strike, the court, Schimelman, J., ruled only that:
 [t]he allegations of the 1st Count are sufficient to go beyond the active/passive negligence relationship of Kaplan and sufficient to come within a claim for indemnification based upon an express or implied independent legal duty on the employer's part. See Ferryman v. Groton, 212 Conn. 142, 146
(1989). Since Whyco may not be immune from liability the apportionment claim of the Third Count should not be stricken.
The defendants urge this court to deny Whyco's motion for partial summary judgment on the same ground that other courts have denied motions filed by Whyco, that is, that Judge Schimelman's ruling that Whyco may not be immune from liability under the Workers' Compensation Act because the first count sufficiently alleges an independent legal relationship between Whyco and the defendants, is the law of the case.
Although the Supreme Court held in Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982), that a judge should be reluctant to overrule another judge, the court further noted in Rosenblit v. Danaher, 206 Conn. 125, 132-33, 537 A.2d 145 (1988), that a judge is not bound to follow another judge's decisions made on an earlier stage of the case; and if the same point is raised again, the judge has the right to reconsider the question. "`It is more important that the court should be right upon later and more elaborate consideration of the case than consistent with previous declarations.'" White v. Burns, 213 Conn. 307,336, 567 A.2d 1195 (1990), quoting Barden v. Northern Pacific R. Co., 154 U.S. 288, 322, 14 S.Ct. 1030, 38 L.Ed. 992 (1894).
Judge Schimelman's earlier ruling did not address the procedural irregularity of the defendants' claim for apportionment of liability CT Page 7367 of the plaintiffs' damages in the context of a third-party action. In Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432 (1989), the dispositive issue addressed by the court was whether an employer-employee relationship between the plaintiff and a third-party defendant barred a claim for indemnification brought by the defendant (third-party plaintiff) against the third-party defendant. The court in Ferryman held that although an active/passive negligence relationship between tortfeasors permits a claim for indemnification on the part of the actively negligent tortfeasor against the passively negligent tortfeasor, such a relationship is not adequate to overcome the bar imposed by the Workers' Compensation Act on such a claim where the would-be indemnitor (third-party defendant) is the original plaintiff's employer. Id., 144. The court further held that an indemnification claim by a defendant (third-party plaintiff) against a third-party defendant who is the original plaintiff's employer would only be permitted in situations where an independent legal relationship existed between the third-party plaintiff and third-party defendant such that "the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity. . . ." Id., 144-45.
Thus, the decision in Ferryman provided an exception to the exclusivity provision of the workers' compensation statute in the context of an indemnification action and did not extend the exception beyond that context, as to a claim for apportionment. "[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ." Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732
(1965). Section 52-472h, Connecticut's comparative negligence statute, provides in subsection (d) for apportionment of a plaintiff's damages among parties. The issues involved in a determination of one tortfeasor's right to indemnification from another tortfeasor differ from the issues involved in the determination of the proportionate share of a plaintiff's damages for which multiple tortfeasors are liable. Therefore, the exception to the bar of the exclusivity provision of the workers' compensation statute carved out in Ferryman has application only in cases involving claims for indemnification.
Because a claim for apportionment in a third-party complaint is not the proper procedural context to address apportionment and because the exclusivity provision of the workers' compensation statute bars a claim against the employer of the injured employee, unless the claim is for indemnification and an CT Page 7368 independent legal relationship can be found to exist between the employer and would-be indemnitee, Whyco's motion for partial summary judgment on count three of the third-party complaint (#246) is granted.
Motion for Summary Judgment (#258)
Whyco's second motion for summary judgment (#258) seeks summary judgment in the first-party action on the ground that "[t]here is no genuine issue as to any material fact regarding Whyco Chromium Company, Inc.'s standing as a first party defendant." Whyco argues that since being cited in as a first-party defendant, the plaintiffs have neither filed any pleadings against Whyco, nor have the defendants moved to compel the plaintiffs to plead against Whyco or filed any pleading of their own alleging any direct liability of Whyco to the plaintiffs in negligence. Whyco further argues that "no pleading has been filed by any party alleging an exception to Whyco's workers' compensation immunity from liability to the plaintiffs in negligence."
The defendants argue in opposition that there is no requirement that the plaintiffs or the defendants file pleadings against Whyco for the apportionment claim to stand. Furthermore, the defendants argue that they have filed pleadings that raise claims against Whyco, the third-party complaint and a special defense in the original action.
As was noted earlier in this memorandum, a motion to cite in pursuant to 52-102 is the proper procedural vehicle to bring a person into an action as a party defendant for the purpose of apportioning damages under 52-572h. A person is made a party to an action by service of a writ of summons and complaint on that person by the plaintiff in the action. Section 52-102
specifically provides, however, that "no person who is immune from liability shall be made a defendant in the controversy."
Although the defendants in the present action moved simultaneously to cite in and implead Whyco, and the court, Gormley, J., ordered that Whyco be made a party to the action and that Whyco be served with a copy of the third-party complaint and a copy of the plaintiffs' complaint, Whyco was not properly cited into the plaintiffs' action for purposes of apportionment. Service of a third-party complaint on Whyco by the defendants was not sufficient to confer party status in the plaintiffs' action CT Page 7369 on Whyco, nor would service by the defendants of a copy of the plaintiffs' complaint be sufficient to confer such status.
"`[W]here a worker's personal in jury is covered by the [workers' compensation] act [General Statutes 31-275 et seq.], statutory compensation is the sole remedy and recovery in common law tort against the employer is barred.'" Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 429 A.2d 535 (1985), quoting Jett v. Dunlap, 179 Conn. 215, 216, 425 A.2d 1263 (1979). Because Whyco would be immune from liability in a direct action by the plaintiffs; see Perille, supra; the express language of52-102 would preclude its being cited into the plaintiffs' action as a party defendant for the purpose of apportioning liability.
However, because Whyco has been considered to be a first-party defendant by the defendants and by the court in earlier rulings, although Whyco was never properly cited into the plaintiffs' action pursuant to 52-102, this court may consider Whyco a first-party defendant for the purposes of ruling on Whyco's motion for summary judgment #258. To the extent that Whyco could be considered a first-party defendant, its motion for summary judgment is granted on the ground that Whyco is immune from suit pursuant to the Workers' Compensation Act.
Richard J. Stanley, Judge