[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This case came to this court when the plaintiff, Citizens Savings Bank, filed this foreclosure action on May 20, 1994 against the defendants, Robert E. Tubridy, Kathryn T. Tubridy and Margaret M. Vaughan, seeking payment under the terms of a note secured by a mortgage deed.[1] According to the complaint, the defendants were the record owners of the mortgaged premises located at 122-124 Giants Neck Road, Niantic, Connecticut. The sheriff's return on file in this action indicates that service was made on defendant Vaughan in Connecticut by abode service pursuant to Practice book § 122.
On August 16, 1994, the defendant Vaughan filed the instant motion to dismiss the action, asserting, alternatively, lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. The plaintiff, on September 8, 1994, filed a memorandum in opposition to the motion to dismiss. The plaintiff objects to the claim by defendant Vaughan that the entire action is subject to dismissal. The plaintiff asserts that the alleged lack of jurisdiction pertains to defendant Vaughan only. Therefore, the plaintiff argues that dismissal of the entire action is inappropriate. Subsequently, the plaintiff also submitted a motion to cite-in a party defendant, namely Margaret M. Vaughan. The motion does not bear a file stamped date. Pursuant to Practice Book § 204, the defendant's motion was accompanied by a memorandum of law. These motions were heard at short calendar on October 24, 1994.
1. Defendant Vaughan's Motion to Dismiss.
The issue of lack of personal jurisdiction is properly raised by a motion to dismiss. Chrysler Credit Corp. v. FairfieldChrylser-Plymouth [Chrysler-Plymouth], Inc., 180 Conn. 223,429 A.2d 478 (1980). "A defendant may contest the personal CT Page 397 jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.) Brunswick v. Inland Wetland Commission,222 Conn. 541, 551, 610 A.2d 1260 (1992). In the present action, defendant Vaughan filed the motion to dismiss within the thirty day period.
Defendant Vaughan states in the memorandum of law in support of the motion to dismiss that she has resided and has been domiciled in North Babylon, New York since before this action was commenced. She asserts that she did not receive proper nor timely service and did not have actual notice of this action until August 11, 1994, when her attorney discovered the existence of the action through a title search of the subject property.
Connecticut General Statutes § 52-59b(c) provides that process is served upon a nonresident individual by filing such process with the secretary of state and by a direct mailing to the defendant at least twelve days before the return date.[2]
It is evident from the sheriff's return in this case that the plaintiff failed to comply with the provisions of the Connecticut statute regarding service of process. The sheriff's return indicates, in pertinent part, that the sheriff left a true and attested copy of the "original writ, Summons, and Complaint, Notice and Lis Pendens" at 22 Billow Road, Niantic, Connecticut. Therefore, it is found that defendant Vaughan, a nonresident defendant, was not served in accordance with General Statutes § 52-59b(c).
"Where a particular method of serving process is pointed out by statute, that method must be followed." Boardof Education v. Local 1282, 31 Conn. App. 629, 632,626 A.2d 1314 (1993). "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Id. On the basis of the foregoing, that defendant Vaughan's motion to dismiss is granted for insufficient service of process and the concomitant lack of personal jurisdiction. The motion, however, is granted only as to defendant Vaughan.
2. Plaintiff's Motion to Cite-in Party Defendant.
The plaintiff has moved, pursuant to Practice Book CT Page 398 § 99, to cite in Vaughan as a party defendant in the present action.[3] "[A] motion to cite in is used to bring a person into the plaintiff's action as a party to that action."Espowood v. Springfield Railway Terminal Co., 8 CSCR 978
(August 5, 1993, Stanley, J.). The plaintiff brings this motion in apparent anticipation that defendant Vaughan's motion to dismiss will be granted.
Practice Book § 99 states that "[t]he court may determine the controversy as between the parties before it if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in. . . ." The plaintiff claims that a complete determination of the issues before the court cannot be had without the presence of Vaughan. According to the complaint and the exhibits attached thereto, Vaughan is record owner of the subject property and she secured the subject note by virtue of a mortgage in favor of New England Savings Bank.
Connecticut General Statutes § 52-102, which governs joinder of necessary parties, is the procedural vehicle for citing in a party defendant. Espowood v. Springfield TerminalRailway Co., supra, 8 CSCR 978; Catalina v. Piccolo, 8 CSCR 702
(June 10, 1993, Sullivan, J.) (stating that Connecticut General Statutes § 52-102 is the procedure to be used when any party or nonparty to an action seeks to add any person as a party defendant to the plaintiff's action). The statute provides in pertinent part that: "[u]pon motion made by any party or nonparty to a civil action, the person named in the party's motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided not person who is immune from liability shall be made a defendant in the controversy."
"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court."Anderson v. Housing Authority, Superior Court, judicial district of Hartford at New Britain, Docket No. 508411 (August 10, 1993, Wagner, J.), citing Lettieri v. American SavingsBank, 182 Conn. 1, 13, 437 A.2d 822 (1980). "In the exercise of that discretion, the trial court might reasonably take into account the timeliness of the filing of the application, the possibility of prejudice to other parties, and whether the CT Page 399 presence of the additional party will enable the court to make a complete determination of the issues." Id., citing A.Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 14,561 A.2d 142 (1989). In the present action, these factors militate toward granting the plaintiff's motion to cite in. The plaintiff brought the motion without undue delay, there is no prejudice to the other parties, and Vaughan's presence in the action will enable the court to make a final determination regarding foreclosure of the property under the terms of a mortgage note apparently signed by Vaughan.
On the basis of the foregoing, the plaintiff's motion to cite in Margaret M. Vaughan is granted.
It is so ordered.
Leuba, J.